[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 53.]

IN RE APPLICATION OF CURETON.

[Cite as *In re Application of Cureton*, 1999-Ohio-254.]

*Attorneys at law—Character and fitness—Application to take Ohio Bar Examination denied, when—Conditions for applicant to take July 2000 bar examination.*

(No. 99-506—Submitted May 18, 1999—Decided October 6, 1999.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 186.

_____

{¶ 1} On March 11, 1998, Erin Michael Cureton of Medina, Ohio ("applicant"), registered for admission to the practice of law in Ohio, and on April 2, 1998, he applied to take the bar examination. Two members of the Medina County Bar Association Admissions Committee interviewed the applicant. In June 1998, based upon applicant's several past misdemeanor charges and disorderly conduct convictions, the committee in its provisional report recommended his admission with qualifications. As one qualification, the committee required the applicant to supplement his application with missing information, including the resolution of criminal charges pending against him. In its final report, issued in September 1998, the admissions committee noted the resolution of the pending charge against applicant was his plea to disorderly conduct in May 1998. It also noted applicant's failure to supply current employment information, and his failure to attend a second committee interview. The committee recommended his admission with the qualification that he needed time to mature and to rehabilitate himself. The applicant appealed, and a panel of the Board of Commissioners on Character and Fitness of the Supreme Court ("board") heard the matter on January 30, 1999.

**{¶ 2}** The panel found that although applicant filed a second supplemental application in October 1998, he failed to provide all the information requested by the interviewers. The panel further found that in October 1998, the Medina firm of Dunn & Hare discharged the applicant from his position as a law clerk in part for unsatisfactory work, and in part because he operated a sports management company on the firm's time, using the firm's fax machine. Applicant also used the firm's computer to create his business letterhead with the firm's telephone number on it. After he was discharged, applicant refused to turn over the law firm's files in his possession and his keys to the firm's office, until the firm filed theft charges against him.

**{¶ 3}** The panel also found that in May 1998, after being rear-ended several times by the same vehicle, applicant struck the hood of the offending vehicle with a baseball bat. Applicant was charged with malicious destruction of property and pled guilty to disorderly conduct. Based on this activity, the omissions in his applications, and applicant's earlier violations of the Code of Conduct at Miami University of Ohio, the panel concluded that applicant's record did not justify admission to the bar at this time. The panel recommended that respondent be permitted to take the bar examination in July 2000, conditioned upon his filing a new application to register as a candidate for admission and a new application to take the bar examination, and submitting to a new character and fitness examination. The board adopted the findings, conclusion, and recommendation of the panel.

_____

*Mary Ann Kovach,* for Medina County Bar Association.

*Erin M. Cureton, pro se*.

_____

***Per Curiam.***

**{¶ 4}** Having reviewed the record, we adopt the findings, conclusion, and

2

recommendation of the board. Applicant is hereby permitted to take the July 2000 bar examination if he submits a new application to register as a candidate for admission to the bar, files a new application to take the bar examination, and satisfactorily completes a character and fitness examination.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 5} I dissent. The applicant cannot demonstrate he has the requisite fitness or moral character to uphold the high ethical standards required of this worthy profession. Therefore, I would deny applicant's request to take the bar examination and not permit him to reapply.

COOK, J., concurs in the foregoing dissenting opinion.

_____